IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL STEPHON PARKER,**

    Petitioner,

v.                                                                    Civil Action No. **3:24CV918 (RCY)**

**CHADWICK DOTSON,**

    Respondent.

**MEMORANDUM OPINION**

Michael Stephon Parker, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging the manner in which the Virginia Department of Corrections ("VDOC") has calculated his sentence. Parker argues that he is entitled to relief based upon the following claims:[1]

    Claim One:    "Violation of 5th Amendment Due Process [and] Double Jeopardy. Deprivation of 'liberty' of 222 days pre-trial jail credits awaiting trial from January 12, 2022, until August 19, when given bond. Held in Hampton City Jail and Riverside Regional Jail on a courtesy hold agreement between Sheriff Karen Bowden and Supt. Larry Leabough from 2/2/22, until August 19, 2022." (*Id.* at 5.)

    Claim Two:    "Violation of 6th Amendment. Deprivation of 'liberty' of 222 days pre-trial jail credits awaiting trial from January 12, 2022, until August 19, 2022, when given bond. Held in Hampton City Jail and Riverside Reg. Jail on a courtesy hold agreement between Sheriff Karen Bowden and Supt. Larry Leabough from 2/2/22, until August 19, 2022. Hampton City Jail records and Riverside Reg. jail records dept should have records of these dates!!" (*Id.* at 7.)

    Claim Three:    "Violation of 14th Amendment Equal Protection Clause. Deprivation of 'liberty' of 222 days pre-trial jail credits awaiting trial from January 12, 2022, until August 19, 2022, when given bond. Held in Hampton City Jail and Riverside Reg. Jail on a courtesy hold agreement between Sheriff Karen Bowden and Supt. Larry Leabough from 2/2/22, until August 19, 2022." (*Id.* at 8.)

---

[1] The Court corrects the spelling, punctuation, and capitalization in the quotations from Parker's submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

Respondent moves to dismiss on the grounds that Parker's claims are procedurally defaulted and barred from review here, and in the alternative, that his claims lack merit.[2] Parker has filed a response. (ECF Nos. 22, 23.) For the reasons set forth below, the Motion to Dismiss (ECF No. 19) will be GRANTED, and the § 2254 Petition will be DENIED.

## I.    PERTINENT PROCEDURAL HISTORY

On June 23, 2022, Parker was convicted of a number of breaking and entering and larceny offenses in the Circuit Court for the City of Hampton, Virginia ("Circuit Court") and was sentenced to an active term of five years of incarceration. (*See* ECF No. 17-2, at 11–12.) On September 29, 2023, Parker mailed a petition for a writ of mandamus to the Circuit Court. (*Id.* at 4–7.) In that petition, Parker asked the Circuit Court to "command/compel Hampton Sheriff's Office . . . to submit the requested 240 days or pre-trial confinement jail credit days [pursuant to] 53.187 Code of Virginia." (*Id.* at 6.) On March 21, 2024, Parker filed a Petition for Writ of Habeas Corpus in the Circuit Court. (*Id.* at 24–28.) In his habeas petition, Parker raised the following grounds for relief:

    A. "Deprivation of pre-trial jail credit in violation of the 5th, 6th [and] 14th Amend." (*Id.* at 26.)

    B. "Violation of the Equal Protection Clause in the 14th Amendment." (*Id.*)

    C. "Deprivation of 222 day[s] of pre-trial jail credit time-served." (*Id.*)

---

[2] Respondent filed a Motion to Dismiss but relies heavily on an Affidavit of Donna Shiflett, the Manager of Court and Legal Services, and other exhibits. Because Respondent filed a Motion to Dismiss, they cannot rely on evidence outside of the pleadings except the relevant state court records from Parker's criminal and habeas proceedings. The Federal Rules of Civil Procedure provide that, if matters outside the pleadings "are presented to and not excluded by the court" in conjunction with a Federal Rule of Civil Procedure 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d). The Court does not consider the Affidavit and attachments to the extent that they contain any information not contained in Parker's state court criminal and habeas records. Nevertheless, the case may be dismissed based on the relevant state court records. In the future, Respondent should file a Motion for Summary Judgment if he wishes the Court to consider any affidavit or other evidence in support of his motion.

On April 8, 2024, the Circuit Court denied both the petition for writ of mandamus and the petition for writ of habeas corpus, finding that "there is no legal authority which directs the Department of Corrections to calculate his time-credit as he asserts." (*Id.* at 34.) Parker did not appeal this decision.[3]

On August 13, 2024, Parker filed a petition for writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 17-1, at 1.) Parker raised the following grounds for relief:

A. "Deprivation of liberty of 222 days of pre-trial jail credit in violation of 14th Amendment." (*Id.* at 4.)

B. "Violation of the Equal Protection Clause of 222 days of pre-trial jail credit." (*Id.*)

C. "Violation of my 5th, 6th [and] 14th Amendments and due process rights." (*Id.*)

On December 9, 2024, the Supreme Court of Virginia dismissed the petition finding "that the writ shall not issue as no writ shall be granted on the basis of any allegation previously resolved against petitioner. Code § 8.01–663." (*Id.* at 81.)

On December 31, 2024, the Court received Parker's § 2254 Petition.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations

---

[3] Parker later filed a second petition for writ of habeas corpus in the Circuit Court raising the same issues, but the Circuit Court explained to him that his petition had already been denied. (ECF No. 17-2, at 117.)

of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing

4

*Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

To exhaust his claims, Parker was required to properly present these claims to the Supreme Court of Virginia. He did not. Instead of filing an appeal of the Circuit Court's denial of his petition for writ of habeas corpus, Parker filed a second petition for writ of habeas corpus in the Supreme Court of Virginia raising nearly identical claims. The Supreme Court of Virginia determined that the petition must be dismissed based on Va. Code Ann. § 8.01–663,[5] because the habeas claims had already been resolved by the Circuit Court. "The Supreme Court of Virginia has construed § 8.01–663 to mean that habeas judgement are conclusive and that issues resolved in a previous proceeding (such as an earlier habeas or on direct review) cannot be relitigated in a subsequent habeas petition absent a change in circumstances." *Star v. Winstead*, No. 1:23-cv-1641-MSN-JFA, 2024 WL 4008649, at *6 (E.D. Va. Aug. 30, 2024) (citations omitted). Va. Code

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[5] Va. Code Ann. § 8.01–663 provides that a "judgment entered of record shall be conclusive, unless the same be reversed, except that the petitioner shall not be precluded from bringing the same matter in question in an action for false imprisonment."

5

Ann. § 8.01-663 is "not a merits decision. Instead it is a recognition that the claims before the court were resolved in a previous proceeding." *Id.* Thus, Parker did not fairly present his claims to the Supreme Court of Virginia for review. *See id.*; *Drayton v. Dir. of Va. Dept. of Corr.*, No. 1:24cv795 (PTG/IDD), 2025 WL 2524124, at *10 (E.D. Va. Sept. 2, 2025) (holding that the "claims in his second state habeas [dismissed pursuant to § 8.01-663] were not properly presented for the purposes of exhaustion because they were not presented in a context in which the state court could reach the merits of his claims"); *cf. Whitley v. Bair*, 802 F.2d 1487, 1502 (4th Cir. 1986) (explaining that the "failure to appeal from the circuit court's ruling . . . therefore, deprived the Virginia Supreme Court the opportunity to rule on the merits of his claims").

If Parker now attempted to raise his claims in the form of an appeal of the Circuit Court's dismissal to the Supreme Court of Virginia, that appeal would be barred as untimely under Virginia Supreme Court Rule 5:9(a) (requiring appeal to be filed within 30 days after entry of final judgment). Virginia Supreme Court Rule 5:9(a) is an adequate and independent procedural rule when so applied. *See Wise v. Williams*, 982 F.2d 142, 144 (4th Cir 1992). Thus, Parker's claims are barred from review here unless he demonstrates cause for the default of his claim.

At most, Parker indicates that "[t]he procedural[] default being used to dismiss my habeas corpus is wrong" (ECF No. 22 ¶ 1), and he "has demonstrated actual prejudice" because he believes he is owed jail credit (*id.* ¶ 7). However, Parker makes no effort to show any cause for the default of his claims. *See Murray v. Carrier*, 477 U.S. at 478, 488 (1986) (explaining that to demonstrate cause a petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule"). In sum, Parker fails to show cause and prejudice to excuse his default. Accordingly, his claims are barred from review here.

6

### III.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 19) will be GRANTED. Parker's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: December 2, 2025
Richmond, Virginia

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Parker fails to meet this standard.